```
             UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF MISSISSIPPI
                    JACKSON DIVISION
```

GILBERT MENDOZA                                       PLAINTIFF

VS.                              CIVIL ACTION NO. 3:06CV394TSL-JCS

NISSAN NORTH AMERICA, INC.                            DEFENDANT

MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of defendant Nissan North America, Inc. (Nissan) for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff Gilbert Mendoza has responded to the motion and the court, having considered the memoranda of authorities, together with attachments, submitted by the parties, concludes that the motion is well taken and should be granted.

Plaintiff Gilbert Mendoza, an employee of Nissan at its manufacturing plant in Canton, Mississippi, filed this action charging that Nissan discriminated against him on account of his national origin, Hispanic, in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et seq. Specifically, plaintiff alleges that he applied for, and was interviewed for two material supply analyst positions; that defendant filled the positions with a white male, David Ellis, and a black female, Aleesha Moses; and that he was not selected for either position because of his

national origin.  Nissan denies that plaintiff's national origin played any role in the challenged employment decisions with respect to these positions, and maintains that Ellis and Moses were selected rather than plaintiff because they were considered to be better qualified and a better "fit" for the positions.

To prevail on a claim of national original discrimination, plaintiff must establish a prima facie case by proof that he (1) belongs to a protected group; (2) was qualified for the position he sought; (3) was not selected for the position; and (4) an individual outside the protected class received the position.  Plaintiff must also present evidence of pretext to rebut any legitimate, nondiscriminatory reason offered by the employer to justify the failure to promote him to the position sought.  Smith v. Stokes Distributing Co., Inc., 166 F.3d 340 (5th Cir. 1998) (table).

Nissan concedes that plaintiff has made out a prima facie case, as he is Hispanic, he applied and was qualified for the material supply analyst position, he was rejected despite his qualifications and the positions were filled by an African American and a Caucasian.  However, Nissan points out that it has offered a legitimate nondiscriminatory reason for its promoting these other individuals, which plaintiff has failed to show is pretext.

2

While plaintiff takes the position that he was better qualified than either Ellis or Moses, the Fifth Circuit has repeatedly explained that "'differences in qualifications are generally not probative evidence of discrimination unless those disparities are of such weight and significance that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff for the job in question.'" Graise v. Entergy Operations, Inc., 211 Fed. Appx. 253, 255 (5th Cir. 2006) (quoting Celestine v. Petroleos de Venezuella SA, 266 F.3d 343, 357 (5th Cir. 2001)).

> Put another way, "differences in qualifications between job candidates are generally not probative evidence of discrimination unless those differences are so favorable to the plaintiff that there can be no dispute among reasonable persons of impartial judgment that the plaintiff was clearly better qualified for the position at issue."

Eberle v. Gonzales, 240 Fed. Appx. 622, 630, 2007 WL 1455928, 7 (5th Cir. 2007) (quoting Deines v. Tex. Dep't of Protective & Regulatory Servs., 164 F.3d 277, 279 (5th Cir. 1999)).

As plaintiff notes, the minimum posted requirements for the material supply analyst position were (1) a Bachelor of Science degree and (2) at least one year of experience in "an automotive and/or related manufacturing environment in the field of Production Control with experience in engineering changes, bill of material, inventory control or scheduling." The posting for the

3

position also indicated that "strong communication and PC (Microsoft Product) skills" were "desired."

Plaintiff contends that he was clearly better qualified than Ellis because his degree was in computer science, whereas Ellis's degree was in business administration; because he had more work experience, six years and four months compared to Ellis's four years and nine months; and because unlike Ellis, who gave no indication (at least on his application) of any particular proficiency in Microsoft computer products, plaintiff expressed that he was knowledgeable about "MS products" (presumably a reference to Microsoft products).

Plaintiff acknowledges that Moses had a degree in computer science, and that she did indicate on her application that she had "strong PC skills." Plaintiff claims, though, that Moses's qualifications were inferior to his because she did not indicate any particular proficiency with Microsoft products, and because she had less work experience, only two years and nine months.

It is reasonably clear that plaintiff believes he was better qualified and had more experience than either Ellis or Moses; but his belief is not sufficient to sustain his burden. That is to say, "[a]lthough a genuine issue of material fact exists when evidence shows the plaintiff was 'clearly better qualified' than [the] employees who were promoted, 'this evidence must be more than merely subjective and speculative.'" Id. (quoting Nichols v.

4

Loral Vought Sys. Corp., 81 F.3d 38, 42 (5th Cir. 1996)).  Here, plaintiff has not sustained his burden in this regard.  All the candidates had the required Bachelor of Science degree; and while plaintiff contends he had more experience than the other candidates, the Fifth Circuit has made clear that "greater experience alone will not suffice to raise a fact question as to whether one person is clearly more qualified than another.  More evidence, such as comparative work performance, is needed."  Id. Plaintiff has offered no such proof.  Certainly, the differences in qualifications highlighted by plaintiff are not "so widely disparate that no reasonable employer would have made the same decision."  Id.

    Moreover, Nissan has offered proof of a legitimate, nondiscriminatory basis for its selection of Ellis and Moses, and its non-selection of plaintiff, which plaintiff has failed to rebut.  Specifically, Nissan has presented proof in the form of affidavits from the interviewers/decisionmakers who state that although plaintiff was considered to have good communication skills, he was not perceived by any the interviewers as someone who would work well in a group, or "team" setting.  As one of the interviewers expressed, his impression was that plaintiff "would be a very good person to have working by himself, but not in a group."  In contrast, both Moses and Ellis impressed the

interviewers as not only being analytical and methodical, but also as persons who would be good team players.[1]

In response, plaintiff declares it is "simply not true" that he is not a team player, and he claims that in fact, in his position with Nissan as a layout technician, he worked with a group that had no direct supervision so that, in fact, he had ample team work experience.  However, as Nissan notes in its rebuttal, plaintiff's assertion that his former position required teamwork does not refute Nissan's proof that plaintiff was not perceived as a team player by the persons who interviewed him. The court notes, in fact, that all of the interviewers were aware that Mendoza had worked with a group, but that all found in the interview that when describing his work with the group, Mendoza stressed his own his individual effort, rather than that of the team, which was at least in part the basis for their concluding that he was not a good team player.

In sum, plaintiff has failed to present evidence that he was "clearly better qualified" than either Ellis or Moses, or to create an issue of fact on the issue of pretext.  It follows that defendant is entitled to summary judgment.

Accordingly, it is ordered that defendant's motion for summary judgment is granted.

---

[1] Nissan notes, too, that both Ellis and Moses had worked at Nissan longer than plaintiff.

     A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

     SO ORDERED this 14th day of February, 2008.

                               /s/ Tom S. Lee  
                               UNITED STATES DISTRICT JUDGE